UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

GARY CIFIZZARI,

    Plaintiff,

    v.

TOWN OF MILFORD, FORMER
MILFORD POLICE OFFICERS VINCENT
LIBERTO, JOHN CHIANESE, FORMER
MILFORD POLICE SGT'S ANTHONY
DIGIROLAMO AND DONALD SMALL,
AS WELL AS-YET UNKNOWN POLICE
OFFICERS AND ADDITIONAL AS-YET
UNKNOWN POLICE SUPERVISORS,
HERIN REFERRED TO AS JOHN AND
JANE DOES 1-20,

    Defendants.

---

C.A. NO. 4:22-cv-40139-MRG

## AMENDED ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND OF DEFENDANT, ANTHONY DIGIROLAMO

## DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES

Now comes the defendant, Anthony Digirolamo and makes this Amended Answer to the plaintiff's Complaint. Numbered paragraphs correspond to those in the plaintiff's Complaint.

### FIRST DEFENSE

The plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

### PRELIMINARY STATEMENT

1.    The first and second sentences within Paragraph 1 include a rhetorical question and a declarative statement to which no answer is required nor provided. Defendant denies the allegations set forth in the third sentence of Paragraph 1.

2.      The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

3.      The defendant denies the allegations in Paragraph 3.

4.      The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

5.      The defendant denies the allegations in Paragraph 5.

6.      The defendant denies the allegations in Paragraph 6.

7.      The defendant denies the allegations in Paragraph 7.

<u>JURISDICTION AND VENUE</u>

8-10.   Paragraphs 8-10 of the Complaint state conclusions of law to which no responses are required nor provided. The defendant denies that the defendant deprived the plaintiff of any rights secured by the Constitution and laws of the United States.

<u>THE PARTIES</u>

11.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

12.     Admitted.

13.     The defendant admits that Officer Anthony Digirolamo, John Chianese and Sgt. Anthony DiGirolamo were duly appointed police officers employed by the Town of Milford Police Department, and served in that capacity during their employment.

102806404

14.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

15.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

16.     Paragraph 16 of the complaint state conclusions of law to which no responses are required nor provided.

## FACTS

17.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

18.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

19.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

20.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

21.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

22.     The defendant denies the allegations in Paragraph 22 of the Complaint.

23.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

24.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

25.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

26.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

27.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

28.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

102806404

29.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

30.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

31.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

32.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

33.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

34.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

35.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

36.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

37.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

38.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

39.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

40.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

41.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

42.     The defendant denies the allegations in Paragraph 42 of the Complaint.

43.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

102806404

44.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

45.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

46.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

47.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

48.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

49.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

50.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

51.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

52.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

53.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

54.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

55.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

56.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

57.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

102806404

58.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

59.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

60.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

## <u>DAMAGES</u>

61.     The defendant denies the allegations in Paragraph 61 of the Complaint.

62.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

63.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

64.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

65.     The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

102806404

66.     The defendant denies the allegations in Paragraph 66 of the Complaint.

## COUNT I

**42 U.S.C. §1983 Claim by Plaintiff for Unduly Suggestive, Biased, and Otherwise Improper Identification Procedures in Violation of the Fourteenth Amendment Against those Defendants then employed by the Milford Police Department as well as John Does 1-20**

67.     The defendant repeats and realleges its responses to paragraphs 1 through 66 of the complaint and incorporates the same by reference as if fully set forth at length herein.

68-69.  These paragraphs of the complaint set forth conclusions of law for which no response is required nor provided.

70.     The defendant denies the allegations in paragraph 70 of the Complaint.

71.     The defendant denies the allegations in Paragraph 71 of the Complaint.

72.     The defendant denies the allegations in Paragraph 72 of the Complaint.

WHEREFORE, The defendant denies that plaintiff is entitled to judgment, interest, costs or attorney's fees.

## COUNT II – 42 U.S.C. §1983

**42 U.S.C. §1983 Claim by Plaintiff for Improper Interrogation Procedures and Techniques in Violation of the Fourteenth Amendment Against those Defendants then employed by the Milford Police Department as well as John Does 1-20**

73.     The defendant repeats and realleges its responses to paragraphs 1 through 72 of the complaint and incorporate the same by reference as if fully set forth at length herein.

74-77.  The defendant denies the allegations in Paragraphs 74-77 of the Complaint.

WHEREFORE, The defendant denies that plaintiff is entitled to judgment, interest, costs or attorney's fees.

102806404

## COUNT III – 42 U.S.C. §1983

**42 U.S.C. §1983 Claim by Plaintiff for Fabricating False Inculpatory Evidence in Violation of the Fourteenth Amendment Against those Defendants then employed by the Milford Police Department as well as John Does 1-20**

78.     The defendant repeats and realleges its responses to paragraphs 1 through 77 of the complaint and incorporate the same by reference as if fully set forth at length herein.

79-80.   The defendant denies the allegations in Paragraphs 79-80 in the Complaint.

WHEREFORE, The defendant denies that plaintiff is entitled to judgment, interest, costs or attorney's fees.

## COUNT IV – 42 U.S.C. §1983

**42 U.S.C. §1983 Claim by Plaintiff for Fabricating False Inculpatory Evidence in Violation of the Fourteenth Amendment Against Defendant Richard Souviron**

81.     The defendant repeats and realleges its responses to paragraphs 1 through 80 of the complaint and incorporate the same by reference as if fully set forth at length herein.

82-83.   The defendant denies the allegations in Paragraphs 82-83 in the Complaint.

WHEREFORE, The defendant denies that plaintiff is entitled to judgment, interest, costs or attorney's fees.

## COUNT V – 42 U.S.C. §1983

**42 U.S.C. §1983 Claim by Plaintiff for Failure to Investigate Against those Defendants then employed by the Milford Police Department as well as John Does 1-20**

84.     The defendant repeats and realleges its responses to paragraphs 1 through 83 of the complaint and incorporate the same by reference as if fully set forth at length herein.

85-86.   The defendant denies the allegations in Paragraphs 85-86 in the Complaint.

WHEREFORE, The defendant denies that plaintiff is entitled to judgment, interest, costs or attorney's fees.

102806404

## COUNT VI – 42 U.S.C. §1983

**42 U.S.C. §1983 Claim by Plaintiff for Malicious Prosecution Against those Defendants then employed by the Milford Police Department as well as John Does 1-20**

87.     The defendant repeats and realleges its responses to paragraphs 1 through 86 of the complaint and incorporate the same by reference as if fully set forth at length herein.

88. The defendant denies the allegations in Paragraph 88 in the Complaint.

89. The defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and, therefore, denies the allegations and calls on the plaintiff for proof thereof.

90-91. The defendant denies the allegations in Paragraphs 90-91 in the Complaint.

WHEREFORE, The defendant denies that plaintiff is entitled to judgment, interest, costs or attorney's fees.

## COUNT VII – 42 U.S.C. §1983

**Monell Claim Against The Town of Milford and The Milford Police Department**

92.     The defendant repeats and realleges its responses to paragraphs 1 through 91 of the complaint and incorporate the same by reference as if fully set forth at length herein.

93.     The defendant denies the allegations in Paragraph 93 in the Complaint.

94.     The defendant denies the allegations in Paragraph 94 in the Complaint.

95.     The defendant denies the allegations in Paragraph 95 in the Complaint.

WHEREFORE, The defendant denies that plaintiff is entitled to judgment, interest, costs or attorney's fees.

102806404

## COUNT VIII – 42 U.S.C. §1983

**Claims Against Doe Defendants for Supervisory Liability as to those Defendants then employed by the Milford Police Department as well as John Does 1-20**

96.     The defendant repeats and realleges its responses to paragraphs 1 through 95 of the complaint and incorporate the same by reference as if fully set forth at length herein.

97-98   The defendant denies the allegations in Paragraphs 97-98 in the Complaint.

WHEREFORE, The defendant denies that plaintiff is entitled to judgment, interest, costs or attorney's fees.

## COUNT IX – 42 U.S.C. §1983

**Conspiracy Claims Against to (sic) those Defendants then employed by the Milford Police Department as well as John Does 1-20**

99.     The defendant repeats and realleges its responses to paragraphs 1 through 98 of the complaint and incorporate the same by reference as if fully set forth at length herein.

100-103.  The defendant denies the allegations in Paragraphs 100-103 in the Complaint.

WHEREFORE, The defendant denies that plaintiff is entitled to judgment, interest, costs or attorney's fees.

## COUNT X – State Civil Rights Statute

**Claims Against those Defendants then Employed by the Milford Police Department as well as John Does 1-20 For Violation of Massachusetts Civil Rights Act, M.G.L. CH. 12 §111**

104.     The defendant repeats and realleges its responses to paragraphs 1 through 103 of the complaint and incorporate the same by reference as if fully set forth at length herein.

105-107.  The defendant denies the allegations in Paragraphs 105-107 in the Complaint.

WHEREFORE, The defendant denies that plaintiff is entitled to judgment, interest, costs or attorney's fees.

102806404

## CLAIMS FOR DAMAGES

108.    The defendant denies the allegations in Paragraph 108 in the Complaint.

109.    The defendant denies the allegations in Paragraph 109 in the Complaint.

110.    The defendant denies the allegations in Paragraph 110 in the Complaint.

WHEREFORE, The defendant denies that plaintiff is entitled to judgment, interest, costs or attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The plaintiff's claims are barred by the jurisdictional doctrines of collateral estoppel and res judicata.

### SECOND DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief requested can be granted.

### FOURTH DEFENSE

The alleged actions of the defendants were neither the proximate nor the actual cause of any damages suffered by the plaintiff.

### FIFTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the defendant, Anthony Digirolamo, as no custom or official policy of the municipality caused a violation of the plaintiff's civil rights.

## SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the defendant, Anthony Digirolamo, as the conduct did not amount to a reckless disregard or deliberate indifference to the civil rights of inhabitants within the Town.

## SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the defendant, Anthony Digirolamo, as liability cannot be imposed on the grounds of respondeat superior.

## EIGHTH DEFENSE

The defendant, Anthony Digirolamo, answers that at all times he acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law questions.

## NINTH DEFENSE

The plaintiff is barred from recovery because this action has not been brought within the time required by law.

## TENTH DEFENSE

Based on information and belief, the defendant, Anthony Digirolamo's actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

102806404

## ELEVENTH DEFENSE

The actions alleged in the Complaint, if found to be in violation of any laws, were not taken pursuant to any policy or custom promulgated by the final policy making authority of the Defendant, Town of Milford.

## TWELFTH DEFENSE

The defendant acted in good faith reliance on legislative or statutory authority.

## THIRTEENTH DEFENSE

The defendant, Anthony Digirolamo, was justified in his conduct and acts, and therefore not liable to the plaintiff as alleged in the complaint.

## FOURTEENTH DEFENSE

The claims are barred due to qualified, absolute, and or legislative or other immunity or privilege.

## FIFTEENTH DEFENSE

The defendants' actions were based on probable cause.

## SIXTEENTH DEFENSE

The Court lacks jurisdiction over the person or legal entity identified in the Complaint.

## SEVENTEENTH DEFENSE

On information and belief, the actions of the defendant Officers were within the realm of reasonable responses to the circumstances with which they were confronted.

## EIGHTEENTH DEFENSE

The claims against the defendant, Anthony Digirolamo, are barred as his actions were reasonable and without malice.

102806404

## NINETEENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted under 42 U.S. C. § 1983 against defendants as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution but merely seeks vindication for the alleged violations of state law.

## TWENTIETH DEFENSE

The claims of civil conspiracy against the defendant officers are barred as none of the individual defendants committed a tortious act, and further, none of the defendant officers had an actual or implied agreement with any other officer to violate the plaintiff's rights.

## TWENTY-FIRST DEFENSE

The defendant reserves the right to recover costs and attorneys' fees in the event that the above action is found frivolous or in bad faith.

## TWENTY-SECOND DEFENSE

The plaintiff has failed to file this civil action within time provided by statute.

## TWENTY-THIRD DEFENSE

The injuries and damages claimed by the plaintiff were caused by the acts of a third party or the Plaintiffs himself, individually or collectively, which acts the Defendant had no reason to anticipate and were acts that the Defendant had no control over and are not responsible for as a matter of law.

## TWENTY-FOURTH DEFENSE

The injuries and damages claimed by the plaintiffs were the result of superseding and intervening causes unrelated to the conduct of the defendant, and the defendant therefore is not liable.

## TWENTY-FIFTH DEFENSE

The plaintiffs' recovery against any of the defendants is barred pursuant to the provisions of G.L. c. 258, §10.

## TWENTY-SIXTH DEFENSE

The plaintiff was not deprived of any right secured by either the federal or state constitutions, or by the laws and other legal authority of the Commonwealth of Massachusetts or the United States.

## TWENTY-SEVENTH DEFENSE

No act or omission of the defendant was a proximate cause of damage allegedly sustained by the plaintiff.

## TWENTY-EIGHTH DEFENSE

The plaintiff's claims fail because the discretionary function exemption precludes liability of the defendant.

## TWENTY-NINTH DEFENSE

The plaintiff's claims pursuant to 42 U.S.C. § 1983 fail because the plaintiff had an adequate post-deprivation remedy.

## THIRTIETH DEFENSE

The defendant states that the plaintiff's claims must fail since the defendant's actions, at all times, were required for the protection of the public interest, its actions were reasonably necessary to achieve that purpose and its actions were not unduly burdensome for the Plaintiff.

## THIRTY FIRST DEFENSE

The defendant states that there neither was a need nor the realistic opportunity to intervene in any actions of others, such that the Plaintiff's claims fail.

102806404

## THIRTY-SECOND DEFENSE

The defendant states that the plaintiff has failed to allege adequately the existence of exculpatory evidence or the withholding of such evidence, such that the plaintiff's claims fail.

## THIRTY-THIRD DEFENSE

The defendant states that the plaintiffs have failed to allege adequately the existence of any conspiracy, such that the plaintiffs' claims fail.

## THIRTY-FOURTH DEFENSE

The defendant states that the plaintiff has failed to allege adequately the existence of malice on the part of the defendant, such that the plaintiffs' claims fail.

## THIRTY-FIFTH DEFENSE

The defendant states that the plaintiff has failed to allege adequately the existence of any ulterior motive for the defendant's actions, such that the plaintiff's claims fail.

## THIRTY-SIXTH DEFENSE

The defendant states that the Plaintiff has failed to allege adequately the existence of any emotional distress suffered by the Plaintiff, such that the Plaintiff's claims fail.

## THIRTY-SEVENTH DEFENSE

The defendant states that the Plaintiff's claims have been released pursuant to M.G.L. c. 258D §4.

## THIRTY-EIGHTH DEFENSE

The defendant states that the plaintiff's claims have been released.

## THIRTY-NINTH DEFENSE

The defendant states that the plaintiff's claims and damages were caused by a person or persons for whose conduct the defendant is not responsible.

102806404

### FORTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FORTY FIRST DEFENSE

The defendant, Anthony Digirolamo is immune from the imposition of punitive damages under both state and federal law.  Punitive damages cannot be imposed against a municipality in a §1983 action.

### FORTY SECOND DEFENSE

The seizure and arrest of the plaintiff was pursuant to legal process, supported by probable cause.

### FORTY THIRD DEFENSE

In the event that plaintiff recovers any judgment against the defendant, the defendant is entitled to a set off from any amounts previously received by the plaintiff from any other person, state agency or entity for his same alleged injuries and damages.

### FORTY FOURTH DEFENSE

Plaintiff's claims arising out of the subject matter of the transactions and occurrences alleged are barred by the doctrine of sovereign immunity.

### FORTY FIFTH DEFENSE

Plaintiff's claims are barred by collateral estoppel, issue preclusion, the doctrine of Heck v. Humphries, 512 U.S. 477 (1994) and res judicata.

### FORTY-SIXTH DEFENSE

The defendant, Anthony Digirolamo, did not control the homicide investigation of the death of Concetta Schiappa and his policies, procedures, practices and customs did not govern the investigation nor were they the moving force behind the investigation and decisions made during the investigation.

102806404

### FORTY SEVENTH DEFENSE

The defendant, Anthony Digirolamo states that the homicide investigation concerning the death of Concetta Schiappa was conducted by the Worcester County District Attorney Office and/or the Massachusetts State Police and/or other agencies or subdivisions of the Commonwealth of Massachusetts and their policies, procedures, practices and customs governed the investigation and were the moving force behind the investigation and decisions made during the investigation.

### FORTY EIGHTH DEFENSE

The defendant states that plaintiff lacked standing to file and prosecute this action per Rule 17 of the Federal Rules of Civil Procedure and that accordingly this action should be dismissed.

### FORTY NINTH DEFENSE

The defendant states that this civil action is subject to dismissal because of insufficiency of service of process pursuant to Fed. R. Civ. P. 12 (b) (5) and/or insufficiency of process pursuant to Fed. R Civ. P. 12 (b) (4).

### FIFTIETH DEFENSE

The defendant states that Richard Souviron, referenced in the title section of Count IV  of the Complaint , was not an agent, servant or employee of the Town of Milford at any time material to the allegations in the Complaint and as such is not legally responsible for any acts or omissions of Richard Souviron.

### FIFTY FIRST DEFENSE

The defendant is deceased and a suggestion of death pleading concerning the defendant will be filed with the Court within the next 10 days.

102806404

## FIFTY SECOND DEFENSE

The defendant states that plaintiff's complaint is subject to dismissal for failure to join an indispensable party under Fed. R. Civ. P.  12 (b) (7) and 19 (a) (1) for failure to join the Commonwealth of MA, the MA State Police, The Office of the Worcester County District Attorney and their respective agents, employees and officials.

## OTHER AFFIRMATIVE DEFENSES

The defendant reserves the right to assert additional affirmative defenses as they become apparent or available in discovery for this matter.

WHEREFORE, the defendant, Anthony Digirolamo, requests this Honorable Court to enter judgment in his favor as to all counts alleged in the plaintiff's  Complaint and to award him costs. The defendant further requests a trial by jury on all counts alleged in the plaintiffs' Complaint.

## THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS

Respectfully submitted,

Defendant,
Anthony Digirolamo

By His Attorneys,

/s/ Joseph H. Caffrey
William B. Scarpelli, BBO #560034
wscarpelli@morrisonmahoney.com
Joseph H. Caffrey, BBO #544570
jcaffrey@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:    617-439-7500
Fax:        617-342-4957

102806404

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will

be sent to those indicated as non-registered participants on June 7, 2023

 /s/ Joseph H. Caffrey

102806404