UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY CIFIZZARI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF MILFORD, FORMER )<br>MILFORD POLICE OFFICERS )<br>VINCENT LIBERTO, JOHN )<br>CHIANESE, FORMER MILFORD )<br>POLICE SGT'S ANTHONY )<br>DIGIROLAMO AND DONALD )<br>SMALL, AS WELL AS-YET )<br>UNKNOWN POLICE OFFICERS AND )<br>ADDITIONAL AS-YET UNKNOWN )<br>POLICE SUPERVISORS, HEREIN )<br>REFERRED TO AS JOHN AND JANE )<br>DOES 1-20, )<br>)<br>Defendants. )<br>) | Civil No. 4:22-cv-40139-MRG |

ORDER ON MOTION TO APPOINT REPRESENTATIVES FOR DECEASED DEFENDANTS
[ECF. NO. 39]

February 29, 2024

GUZMAN, J.

Before the Court is Plaintiff Gary Cifizzari's Motion to Appoint and Substitute Personal Representatives for Deceased Defendants [ECF No. 39]. For the reasons stated below, Mr. Cifizzari's motion is GRANTED IN PART.

I. BACKGROUND

In 1984, Mr. Cifizzari was convicted of first-degree murder for the murder of Concetta Schiappa in Milford, Massachusetts and was sentenced to life in prison without the possibility of parole. Mr. Cifizzari served 35 years of that sentence. Exculpatory DNA testing in 2019 excluded Mr.

Cifizzari as a possible contributor to the DNA samples on the victim's clothing at the time of her death and identified Michael Giroux as the true perpetrator of the crime. Mr. Cifizzari filed a motion for new trial in May 2019, which was granted the same year. The Worcester District Attorney's office elected not to proceed with a re-trial and issued a *nolle prosequi* on December 10, 2019.

A few years after his release from prison, on November 29, 2022, Mr. Cifizzari filed the complaint in this case. [ECF No. 1]. Mr. Cifizzari brings several 42 U.S.C. § 1983 and state tort law claims against Milford police officers and supervisors and the Town of Milford alleging that unconstitutional interrogation techniques, a failure to investigate an alternative suspect, and fabricated evidence resulted in his wrongful conviction.

After filing his complaint, however, Mr. Cifizzari learned that 3 defendants—Anthony DiGirolamo, Donald Small, and Vincent Liberto ("Deceased Defendants")—are deceased. Counsel for the Town of Milford appeared on behalf of the Deceased Defendants and filed a Suggestion of Death for each of them. [ECF Nos. 20, 21, 22]. Subsequently, Mr. Cifizzari filed the instant motion requesting the Court's permission to proceed against the Deceased Defendants, either by: (1) serving Defendant Town of Milford as the true party in interest pursuant to a provision of the Massachusetts Uniform Probate Code, Mass. Gen. Laws ch. 190B, § 3-803(d)(2); or (2) appointing personal representatives to defend the suits on behalf of each of the Deceased Defendants under Federal Rule of Civil Procedure 25. [ECF No. 39, p.1].

II.  DISCUSSION

A.  Claims Under 42 U.S.C. § 1983 Survive the Death of a Defendant

The Court holds that Mr. Cifizzari's claims under 42 U.S.C. § 1983 survive the death of the named defendants. The Supreme Court was clear in Wilson v. Garcia, that for the purposes of determining the tolling of a state statute of limitations, all actions brought under § 1983 are "best

2

characterized as personal injury actions." 471 U.S. 261, 279-80 (1985). This District in <u>Pomeroy v. Ashburnham Westminster Reg'l Sch. Dist.</u>, held that a procedural due process claim brought under § 1983 should be treated as a claim for "personal injury" under Massachusetts law. 410 F.Supp.2d 7, 14 (D. Mass. 2006). More specifically, the <u>Pomeroy</u> court reasoned that because the Massachusetts survival statute (Mass. Gen. Laws ch. 228, § 1) "provides in substance that an action 'in tort' for 'damage' survives the death of the injured party," plaintiff's action for violations of his civil rights did not abate upon his death. <u>Id.</u> While <u>Pomeroy</u> concerned the question of whether the § 1983 claim survived the death of the injured party, i.e., the *plaintiff*, Massachusetts courts have held that other actions that are characterized as torts for "damage to the person" for the purposes of the survival statute survive the death of the *defendant*. See <u>Putnam v. Savage</u>, 138 N.E. 808, 810 (Mass. 1923) (An action under former Mass. Gen. Laws. ch. 229, § 5 (causing of death by negligence) is treated as an action of tort for "other damage to the person" under the survival statute and survives the death of the defendant.). Accordingly, the Court finds that <u>Pomeroy</u>'s holding extends not only to § 1983 claims brought by a deceased plaintiff, but also to claims brought against a deceased defendant.

B. <u>Rule 25</u>

Mr. Cifizzari seeks to substitute a successor or representative for each the Deceased Defendants pursuant to Federal Rule of Civil Procedure 25.[1] Rule 25 provides that if "a party dies and [a] claim is not extinguished," a court "may order substitution of [a] proper party," including a

---

[1] Prior to this ruling, Mr. Cifizzari was guided by Rule 25, which provides that a motion to substitute must be made within 90 days after service of a statement noting the death, or the actions by or against the decedent must be dismissed. FED. R. CIV. P. 25(a)(1). The Suggestions of Death were filed on May 26, 2023 (Defendants DiGirolamo and Small), and May 30, 2023 (Defendant Vincent Liberto). [ECF Nos. 20, 21, 22]. Mr. Cifizzari filed his motion for substitution on August 14, 2023, which is within the 90-day window. [ECF No. 39]. Therefore, Mr. Cifizzari's motion is timely.

3

decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). However, as noted in Rosario,[2] "[f]ederal courts have consistently held that Rule 25(a)(1) 'only applies to *parties*—that is, defendants that have been served with a complaint and then died after service.'" Rosario, 2019 U.S. Dist. LEXIS 167914, at *3 (quoting Deleon-Reyes v. Guevara, No. 18-CV-01028, 2019 U.S. Dist. LEXIS 40974, at *1 (N.D. Ill. Mar. 14, 2019) (emphasis in original) and citing Moul v. Pace, 261 F.Supp.616, 618 (D. Md. 1966) ("Rule 25(a)(1) does not apply in this case because the defendant Pace was deceased at the time the suit was filed.")). All the Deceased Defendants died before the suit was filed. Therefore, "Rule 25 is inapposite." Rosario, 2019 U.S. Dist. LEXIS 167914, at *3.

   C. <u>Massachusetts Uniform Probate Code Section 3-803</u>

The Massachusetts Probate Code determines the rules for serving suits against deceased individuals. Generally, a plaintiff may bring an action against the personal representative of an estate only if "such action is commenced within 1 year after the date of the death of the deceased." Mass. Gen. Laws ch. 190B, § 3-803(a). The Suggestions of Death filed in the present case show that the action was commenced well over one year after the Defendants died.[3] Subsection (d)(2) of Chapter 190B provides an exception that enlarges the time to bring a case against a deceased defendant. Mass. Gen. Laws ch. 190B, § 3-803(d)(2). Therefore, this action can only proceed if Mr. Cifizzari's claims meet the requirements for the exception presented in subsection (d)(2).

---

[2] The Court determines that Rosario v. Waterhouse, No. 1:19-cv-10532-LTS, 2019 U.S. Dist. LEXIS 167914 (D. Mass. Sep. 27, 2019) is the controlling case on point guiding this analysis. The facts and legal issues in Rosario mirror those at hand in Mr. Cifizzari's case, and the Court finds the reasoning in Rosario applies equally here.

[3] Defendant Donald Small died on November 8, 1994, Defendant Anthony Digirolamo died on March 9, 2006, and Defendant Vincent Liberto died on June 7, 2020. [ECF Nos. 20, 21, 22]. This action was commenced on November 29, 2022.

The exception in subsection (d)(2) provides that a plaintiff may bring an action for "personal injury" against the personal representative of an estate more than one year after the death of the deceased if: (1) "the action is commenced not later than 3 years after the cause of action accrues;"[4] (2) "a judgment recovered in that action shall only be satisfied from the proceeds of a policy of liability bond or liability insurance, if any, and not from the general assets of the estate;" (3) "that if a personal representative has not been appointed, then an action otherwise allowed pursuant to this chapter may be maintained without such appointment, and shall be maintained naming the decedent as the defendant;" and (4) "that in that event any service of process that may be necessary shall be made upon the entity providing the insurance or bond." Id. § 3-803(d)(2).

The Court now considers whether Mr. Cifizzari has met the necessary conditions to invoke subsection (d)(2), which would permit him to proceed against the Deceased Defendants and potentially allow him to serve the Town in place of the named defendants.

D.   "Personal Injury" and Alternative Service Under Subsection 3-803(d)(2)

The parties dispute whether the claims in the present action fall within the scope of "an action for personal injury" under subsection (d)(2). Massachusetts courts have broadly encompassed a variety of claims within the meaning of "personal injury," including claims under 42 U.S.C. § 1983. Rosario, 2019 U.S. Dist. LEXIS 167914, at *3 (citing Pomeroy, 410 F.Supp.2d at 12-13 (holding that an action under 42 U.S.C. § 1983 alleging a deprivation of procedural due process should be treated as a claim for personal injury under Massachusetts law); Litif v. United States, 682 F.Supp.2d 60, 83

---

[4] The question of when a cause of action under 42 U.S.C. § 1983 accrues is a matter of federal law, "conforming in general to common-law tort principles." McDonough v. Smith, 139 S. Ct. 2149, 2155 (2019). The Court finds that for the purposes of accrual Mr. Cifizzari's claims are analogous to the common-law tort of malicious prosecution, for which the cause of action "accrues only once the underlying criminal proceedings have resolved in the plaintiff's favor" Id. at 2156. Here, the cause of action accrued on December 10, 2019, upon Mr. Cifizzari's exoneration and Mr. Cifizzari filed the present action within three years of that date.

(D. Mass. 2010), aff'd, 670 F.3d 39 (1st Cir. 2012) (holding that "[d]amages to the person need not be physical" under Massachusetts law); Harrison v. Loyal Protective Life Ins. Co., 396 N.E.2d 987, 989 (Mass. 1979) (rejecting a "narrow construction of 'damage to the person'")). Therefore, the Court construes Mr. Cifizzari's claims as "personal injury" claims and finds that they fall within the scope of subsection (d)(2).

The parties additionally dispute whether the claims are covered by "a policy of liability bond or liability insurance." MASS. GEN. LAWS ch. 190B, § 3-803(d)(2). Under Mass. Gen. Laws ch. 258, § 13, the Town of Milford must:

> . . .indemnify and save harmless municipal officers. . . from personal financial loss and expense including reasonable legal fees and costs, if any . .. arising out of any claim, demand, suit or judgment by reason of any act or omission, except an intentional violation of civil rights of any person, if the official at the time of such act or omission was acting within the scope of his official duties or employment.[5]

Mass. Gen. Laws ch. 258, § 13.

This District has held that the Town's indemnification obligation under Mass. Gen. Laws ch. 258, § 13 is a "policy of liability bond." Rosario, 2019 U.S. Dist. LEXIS 167914, at *4. Here, as in

---

[5] The Town of Milford argues that Mass. Gen. Laws ch. 258, § 13 "statutorily prohibit[s] the Town of Milford] from indemnifying individual officers for intentional violations of civil rights," as are alleged in this case. [ECF No. 46 at 15]. However, as in Rosario, this argument "raises issues beyond the scope of the instant motion." Rosario, 2019 U.S. Dist. LEXIS 167914, at *3 n.4. For purpose of this motion, the Court assumes that, but does not resolve the issue of whether, at least some of Mr. Cifizzari's claims could require the Town of Milford "to indemnify one or more of the Deceased Defendants." Id.; Jones v. Han, 993 F.Supp.2d 57, 68-69 (D. Mass. 2014) (holding that a supervisor can be held liable for his failure to investigate when his conduct "constituted acquiescence or gross negligence amounting to deliberate indifference"). Here, Mr. Cifizzari alleges improper identification and interrogation procedures, fabrication of false inculpatory evidence, *failure to investigate*, malicious prosecution, a Monell claim, supervisory liability, conspiracy, and violation of the Massachusetts Civil Rights Act. [ECF No. 1]. Therefore, it is possible that some of Mr. Cifizzari's claims could be sustained on less than intentional conduct.

Rosario, the Town of Milford is bound under a written promise to protect its employees from losses arising from specified events under Mass. Gen. Laws ch. 258, § 13 and municipal policy. This Court sees no reason to diverge from the sound reasoning explained in Rosario. Therefore, the Court finds that the indemnification statute falls within the purview of subsection (d)(2) and Mr. Cifizzari may use it to guide his service of process, in accordance with the provision's other requirements.

1. Defendants DiGirolamo and Small

Subsection (d)(2) first stipulates that to bring a suit against a deceased individual, the action should be brought against the individual's personal representative if there is one. Mass. Gen. Laws ch. 190B, § 3-803(d)(2). As evidenced by the probate records provided by Mr. Cifizzari, the estates of Defendants DiGirolamo and Small had named administrators—Mr. Todd A. Gattoni and Mr. Francis X. Small, respectively. [ECF Nos. 40-1, 40-2, 40-3]. Mr. Cifizzari asserts that, in August 2023, his counsel spoke with Mr. Gattoni and Mr. Small and each stated that he would consent to being named as personal representative of the respective estates for this suit. [ECF No. 45]. Thus, Mr. Gattoni and Mr. Small are the appropriate parties to sue as personal representatives of Defendants DiGirolamo and Small.

While not requested by Plaintiff, the Court gives Mr. Cifizzari leave to amend his complaint to remove Mr. DiGirolamo and Mr. Small as defendants and instead name and serve the officers' personal representatives, Todd A. Gattoni and Francis Small, respectively.[6] Even with Mr. Gattoni's and Mr. Small's consent to serve as personal representatives in this suit, [ECF No. 45], the Court

---

[6] Federal Rule of Civil Procedure 17 stipulates that the law of the state in which the court is located determines the capacity to be sued as a personal representative. FED. R. CIV. P. 17. Under Massachusetts law, a plaintiff bringing a claim against a decedent must sue the personal representative of the deceased. Mass. Gen. Laws ch. 190B, § 3-804(2).

7

notes that this order is made without prejudice to the served parties to challenge the propriety of service of process or any other defect in the pleadings.

2. Defendant Liberto

Unlike Defendants DiGirolamo and Small, Defendant Liberto has no personal representative of record. Mr. Cifizzari asserts that he "was unable to locate any probate proceedings" for Defendant Liberto and that Liberto died without appointing an administrator of his estate. [ECF Nos. 39, 40]. Mr. Cifizzari thus requests to serve Ms. Elizabeth Liberto, Defendant Liberto's wife. Per subsection (d)(2), where there is no personal representative appointed for a deceased defendant, an action "may be maintained without such appointment, and shall be maintained naming the decedent as the defendant" and that the proper party on which to serve process is "the entity providing the insurance or bond." Mass. Gen. Laws ch. 190B, § 3-803(d)(2). Accordingly, the Court allows this action to proceed with Mr. Liberto named as a defendant and with Mr. Cifizzari serving process for Mr. Liberto on the Town of Milford.

III. CONCLUSION

For the reasons stated above, this motion is GRANTED IN PART. Plaintiff must amend his complaint within 30 days of this order should he seek to continue his claims against Defendants DiGirolamo and Small by naming their personal representatives in their stead. Service of process must be made on the parties consistent with this order within 14 days of the filing of the amended complaint.

SO ORDERED.

Dated: February 29, 2024

                                                            /s/ Margaret R. Guzman
                                                            Margaret R. Guzman
                                                            United States District Judge